# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

RANJIT KAUR, HARJINDER SINGH BAL aka SINGH, and TEJINDER SINGH BAL aka SINGH,

Petitioners,

v.

NATHALIE ASHER, Field Office Director, United States Immigration and Customs Enforcement, *et al*.,

Respondents.

Case No. C11-1956-JLR-BAT

**REPORT AND RECOMMENDATION**

On November 23, 2011, petitioners, proceeding through counsel, filed a Petition for Writ of Habeas Corpus and Emergency Request for Stay of Removal pursuant to 28 U.S.C. § 2241. (Dkt. No. 1.) They requested "that this Court issue an order that Petitioners/Plaintiffs be allowed to remain out of detention and removal stayed until Respondents/Defendants have made a decision on the merits of Petitioners/Plaintiffs Applications for Permanent Resident Status (Form I-485s)." *Id*. at 5. The Court granted a temporary stay of removal and directed respondents to show cause why the writ of habeas corpus should not be granted. (Dkt. Nos. 2 and 3.) On February 21, 2012, however, the parties filed a Stipulated Motion and [Proposed] Order of Dismissal, which indicates that this action has become moot as a result of respondents'

REPORT AND RECOMMENDATION - 1

permission to allow petitioners to remain free under home monitoring. (Dkt. No. 14.) The parties agree that this matter has become moot and may be dismissed without prejudice and without award of costs to either party. *Id*.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. "For a habeas petition to continue to present a live controversy after the petitioner's release . . . there must be some remaining collateral consequence that may be redressed by success on the petition." *See Abdala v. Immigration and Naturalization Serv.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (internal quotation marks omitted).

Petitioners' release under home monitoring has effectively mooted their petition for habeas corpus relief. The Court, therefore, recommends that this action and all claims asserted herein be dismissed without prejudice and without fees or costs to either party. As the parties stipulate to dismiss, the Court recommends if this recommendation is adopted, that it be approved immediately. A proposed order accompanies this Report and Recommendation.

DATED this 21st day of February, 2012.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2